and in this respect our jurisprudence differs from that of the english courts, upon whose authority the plaintiff's counsel relies.

Admitting that the verdicts of juries in those cases should not be disturbed on slight grounds, and that they ought to be maintained, although their amount is something larger than we approve, yet there is a limit beyond which it is our duty to interfere, and we think this a proper case for our interference. The defendants were entitled to the land they claim. The plaintiff being aware of that fact, had abandoned it for the public use, and put up a building on the last line given by the city surveyor. He is not entitled to be indemnified for the value of this land, and it is proved that the damage sustained by the taking down of the wall could not have exceeded three or four hundred dollars. We admit that the actual loss sustained is not the measure of damage, and that the jury had a right to take into consideration the violent and illegal proceedings of the officers of the corporation. The facts of the case would, in our opinion, have authorized a verdict for $1500, and we will decree accordingly.

It is therefore ordered that the judgment in this case be reversed. It is further ordered that there be judgment in favor of the plaintiff and against the defendants, for the sum of $1500, with the costs of the district court; those of this appeal to be paid by the plaintiff and appellee.

MᶜGᴀʀʏ<br>v.<br>Lᴀꜰᴀʏᴇᴛᴛᴇ.

## Tʜᴇ Sᴛᴀᴛᴇ v. Lᴏɴɢ.

Decision in *State* v. *Hunt*, *ante p.* 438, affirmed.

APPEAL from the First District Court of New Orleans, *McHenry*, J. *Elmore*, Attorney General, for the State. The judgment of the court was pronounced by

Eᴜsᴛɪs, C. J. The defendant has appealed from a judgment of the First District Court of New Orleans, condemning him to two years imprisonment at hard labor for the offence of larceny. Before the trial of the cause, the defendant applied for a continuance, on the ground of the absence of material witnesses, and made an affidavit to that effect. To the refusal of the judge to continue the cause, the defendant took a bill of exceptions.

This case is similar in principle to that of the *State* v. *Hunt*, just decided; and for the reasons therein given, the judgment of the District Court is affirmed, with costs.

| 4a 441 |
| 44 840 |
| 4a 441 |
| 47 1228 |
| 4 441 |
| Case 1 |
| 109 351 |

## D'Aǫᴜɪɴ et al. v. Bᴀʀʙᴏᴜʀ.

Parol evidence is admissible to show the nature and extent of premises leased by an act *sous seing privé*, when, from the indefinite language of the written instrument, it is necessary, to ascertain the intention of the parties.

Where the intention of the parties is doubtful, the manner in which a contract has been executed by one with the assent of the other, will determine the construction to be put upon it.

Antecedent conversations respecting a contract which the parties subsequently embody in a written instrument, are inadmissible, where fraud is not charged.

| 4 441 |
| Case 2 |
| 113 454 |